LAPOINTE
*vs.*
GUIDRY.

**LAPOINTE *vs.* GUIDRY.**

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
OF THE SIXTH PRESIDING.

On a mere matter of fact, submitted to a jury, when the evidence does not
show the verdict to be clearly wrong, the verdict and judgment will not
be disturbed.

This is an action of trespass, in which the plaintiff claims
three hundred dollars, for damages sustained, by the defend-
ant's cattle breaking into his fields, and destroying his fences
and every thing in the fields ; and for fifty dollars damages,
as the price of a favorite dog, which he alleges, the defend-
ant wantonly shot, while assisting in turning the defendant's
cattle out of the fields.

The defendant excepted to answering to the merits, on
account of vagueness and want of certainty in the allegations
of the petition.   On answering to the merits, he pleaded a
general denial ; and that no damages should be allowed,
because the enclosures or fences were in bad condition, at the
time the plaintiff complains of the trespass being committed,
and not made in conformity to the rules and regulations
of the parish.

The testimony consisted entirely of witnesses, whose
statements were taken down by the clerk.   The plaintiff
showed by several witnesses, that his fence was about five
feet high, surrounded on the outside by a ditch, and made of
cypress *pieux* ; that the defendant's cattle broke in repeatedly,
by breaking and throwing down the posts and *pieux*.   One
witness says, the plaintiff repeatedly mended his fences, and
that he was ultimately compelled, to abandon his field to the
defendant's cattle.   The field had all the gleanings in it, and
witness would not have taken eighty dollars for his own field,
which was smaller than plaintiff's ; this was in the fall.   It
was proved, that the plaintiff's dog was killed by defendant,

but no specific value was proved, or damage sustained by his loss; it was only said, he was *a good hunting dog*.

Defendant's witnesses stated, that at the time of the damage complained of, the plaintiff's fences were in bad order, that they consisted of three or four *pieux*, the posts were tied with strings in many places, and in a wet time they gave way, and the *pieux* dropped down. The fence appeared to be a year or two in this fix.

The jury returned a verdict for the defendant. The verdict was rendered on the 17th of May, 1833, and the judgment of the court thereon, was rendered and signed on the next day.

The plaintiff appealed.

1. *Neveu*, for the plaintiff, contended that the judgment and verdict should be reversed. The judgment was signed before the three judicial days elapsed, required by the Code of Practice.

2. The evidence clearly shows, that the plaintiff is entitled to damages.

*Voorhies, contra,* submitted the case for the defendant, on the following points:

1. This court has repeatedly decided, that it will not disturb the verdict of a jury, unless it appears to be clearly against the law and evidence.

2. No motion for a new trial having been made, the judgment and verdict must be confirmed.

*Bullard, J.,* delivered the opinion of the court.

This is an action of trespass, in which the plaintiff claims remuneration, for damages done by the cattle of the defendant, breaking into his enclosures, and for killing his dog.

The defendant pleaded the general issue; and that the plaintiff's fences were not such as are required by the police regulations of the parish. The jury found a verdict for the defendant, and the plaintiff appealed.

On a mere matter of fact submitted to a jury, when the evidence does not show the verdict to be clearly wrong, the verdict and judgment will not be disturbed.

WESTERN DIST.
*September*, 1834.
BABINEAU
ET ALS.
*vs.*
BENDY ET ALS.
The whole matter, which was that of fact only, was left to the jury, and from the evidence in the record, we are not enabled to say, that the verdict was so clearly wrong, as to authorise the interference of this court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.